STATE OF NORTH CAROLINA v. SAMUEL AUSTIN, ALIAS SAMUEL BROWN

No. 27

(Filed 5 March 1980)

1. **Criminal Law § 90— defense witness not declared hostile—no error**

   The trial court did not err in failing to grant defendant's motion to declare his witness a hostile witness where defendant was not misled, surprised or entrapped to his prejudice by the witness's testimony, and he knew before he was given the opportunity to present evidence what the witness would testify to.

2. **Criminal Law § 160— correction of record**

   There was no merit to defendant's contention that the trial court, in instructing on the elements of first degree burglary, erroneously stated that defendant entered the victim's home "without" the intent to commit a felony therein, since the record had been corrected, upon proper affidavit, to read "with" instead of "without" and thus properly reflected what the trial judge actually said.

APPEAL by defendant from *Kivett, J.*, 29 May 1979 Session of ROWAN Superior Court.

Upon a plea of not guilty, defendant was tried on a bill of indictment, proper in form, charging him with the first-degree burglary of the dwelling house of Priscilla Oglesby between the hours of 1:00 a.m. and 2:00 a.m. on 29 October 1978. The jury returned a verdict finding defendant guilty of first-degree burglary, and defendant appeals from judgment imposing a life sentence.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Donald W. Stephens, for the State.*

*Robert F. McLaughlin for defendant-appellant.*

BRITT, Justice.

This opinion does not set forth the usual summary of evidence presented at trial for the reason that the record on appeal does not contain the evidence presented.

[1] Defendant states the first of his two assignments of error thusly: ". . . the trial court erred in failing to grant the defendant's motion to declare Angela Oglesby a hostile witness, prohibiting the defendant from impeaching her testimony, and thus the state's other witnesses, by showing prior inconsistent statements." The assignment has no merit.

While the record does not clearly disclose what defendant was attempting to show with respect to Angela Oglesby's testimony, we glean the following: Angela is the eight-year-old daughter of Priscilla Oglesby whose home defendant was charged with burglarizing. Priscilla and other occupants of the home, except Angela, testified as witnesses for the state relative to occurrences on the night in question. Defendant had information to the effect that previous to the trial Angela had made statements to several persons which were at variance with testimony given by her mother and other members of the family. After the state had rested its case, defendant moved that he be allowed to present Angela as a hostile witness, cross-examine her and present other witnesses to contradict her.

In passing on defendant's motion in the absence of the jury, the court permitted defendant to examine Angela. She gave testimony which apparently was similar to that given by her mother and other state's witnesses. She denied that she had told anyone that "there was no one in my house that night". The court denied defendant's motion to declare Angela a hostile witness.

Defendant recognizes that prior to the enactment of the Rules of Civil Procedure, G.S. 1A-1 et seq., effective 1 January 1970, the general rule was that a party could not impeach his own witness. He argues that the rule was changed in civil cases by

G.S. 1A-1, Rule 43(b), and that the change should also apply to criminal cases.

In several cases decided since the effective date of the Rules of Civil Procedure, this court has refused to change the rule in criminal cases. In *State v. Anderson*, 283 N.C. 218, 224, 195 S.E. 2d 561 (1973), Justice (later Chief Justice) Sharp, speaking for the court, said:

> Until changed by statute applicable to civil cases (G.S. 1A-1, Rule 43(b) (1969) ), it was established law in this State that a party could not impeach his own witness in either a civil or a criminal case. 1 Stansbury, *North Carolina Evidence* § 40 (Brandis rev. 1973). *See also* McCormick, *Evidence* § 38 (Cleary Ed., 2d ed. 1972); 3A Wigmore, *Evidence* §§ 896-905 (Chadbourn rev. 1970). This rule, unchanged as to criminal cases, still precludes the solicitor from discrediting a State's witness by evidence that his general character is bad or that the witness had made prior statements inconsistent with or contradictory of his testimony. . . .

In *State v. Pope*, 287 N.C. 505, 510, 215 S.E. 2d 139 (1975), Chief Justice Sharp, speaking for the court, said:

> It remains the general rule in this jurisdiction that the solicitor (or district attorney) may not impeach a State's witness by evidence that the character of the witness is bad or that he has made prior statements inconsistent with or contradictory of his testimony. *State v. Anderson*, 283 N.C. 218, 195 S.E. 2d 561 (1973); *State v. Tilley*, 239 N.C. 245, 79 S.E. 2d 473 (1954); *see* 1 Stansbury's North Carolina Evidence (Brandis Rev., 1973) § 40.

*See also State v. Peplinski*, 290 N.C. 236, 225 S.E. 2d 568, *cert. denied*, 429 U.S. 932 (1976).

While the cited cases pertained to efforts by the district attorney to impeach state's witnesses, we see no reason why efforts by a defendant to impeach his witnesses should be treated differently.

Also in *State v. Pope, supra*, Chief Justice Sharp discussed the recognized exception or corollary to the anti-impeachment rule which allows impeachment "where the party calling the

witness has been misled and surprised or entrapped to his prejudice", citing substantial authority. The Chief Justice went on to say that even then the motion to be allowed to impeach one's own witness by proof of his prior inconsistent statements is addressed to the sound discretion of the trial court. *State v. Pope*, 287 N.C. at 512-513, 215 S.E. 2d at 145.

Clearly defendant's complaint here would not come under the quoted exception or corollary as he was not misled and surprised or entrapped to his prejudice by Angela's testimony. Defendant obviously knew before he was given the opportunity to present evidence what Angela would testify to and, as shown above, the court permitted him to examine the witness in the absence of the jury before making a decision as to whether he would present her.

[2] In his other assignment of error, defendant contends the trial court erred in giving the following instruction to the jury:

"The defendant has been accused of burglary in the first degree, which is the breaking and entering of the occupied dwelling of another without his or her consent in the nighttime. In this case, *without* the intent to commit the felony of larceny within the particular dwelling house, that of Priscilla Oglesby." (Emphasis added.)

On 21 December 1979 the Attorney General filed a motion in this court asking that the record be corrected to substitute the word "with" for the word "without" in that portion of the jury charge set out above. The motion was accompanied by an affidavit from the court reporter stating that the word "without" was inadvertently used in transcribing the jury charge and that the word "with" was actually used by the trial court. The reporter's affidavit was accompanied by a reproduced copy of her stenotype notes.

We allowed the Attorney General's motion on 8 January 1980, consequently, there is no merit in the assignment.

In defendant's trial and the judgment entered, we find

No error.