STATE OF NORTH CAROLINA v. ERNEST McLEOD

No. 8315SC727

(Filed 6 March 1984)

**1. Criminal Law § 90— failure to declare witness to be hostile**

In a prosecution for assault with a deadly weapon inflicting serious injury in which three defense witnesses testified on voir dire that they had overheard a third person say he had cut a "white dude" on the night in ques-

tion, and the third person denied on voir dire that he had cut the victim or made any statements that he had cut a "white dude," the trial court did not abuse its discretion in refusing to declare the third person a hostile witness and to permit defendant to impeach him since defendant had examined the witness in the absence of the jury, knew what the witness would testify, and thus was not misled and surprised or entrapped to his prejudice.

2. **Criminal Law § 138— mitigating factor—good character and reputation—insufficient evidence**

Testimony by defendant's father did not require the trial court to find as a mitigating factor that defendant was a person of good character or that he had a good reputation.

APPEAL by defendant from *Barnette, Judge.* Judgment entered 9 February 1983 in Superior Court, ORANGE County. Heard in the Court of Appeals 19 January 1984.

Defendant appeals from a judgment of imprisonment entered upon his conviction of assault with a deadly weapon inflicting serious injury.

*Attorney General Edmisten, by Assistant Attorney General Francis W. Crawley, for the State.*

*Winston, Blue & Rooks, by David M. Rooks, III, for defendant appellant.*

WHICHARD, Judge.

GUILT PHASE

On *voir dire,* three witnesses testified for defendant that one Jerry Rogers had told them, or they had overheard him say, that he had cut a "white dude" on the night of the assault with which defendant was charged. Rogers, however, denied making these statements, and stated that he had never seen the victim prior to trial.

[1] Defendant requested that Rogers, who was to be his next witness, be declared hostile. The court denied the request, and refused to allow defendant to impeach Rogers. Rogers then, before the jury, denied that he cut the victim or made any statements that he had cut a "white dude."

Defendant contends the court erred in denying his request and refusing to allow him to impeach Rogers' testimony. General-

ly, a defendant in a criminal case in this jurisdiction cannot impeach his own witness. *State v. Austin,* 299 N.C. 537, 263 S.E. 2d 574 (1980). A "recognized exception" allows impeachment " 'where the party calling the witness has been misled and surprised or entrapped to his prejudice.' " *Id.* at 539-40, 263 S.E. 2d at 575, *citing State v. Pope,* 287 N.C. 505, 512-13, 215 S.E. 2d 139, 145 (1975).

Whether to allow defendant to impeach the witness was in the court's discretion. *Austin, supra; Pope, supra.* Here, as in *Austin,* defendant was not misled and surprised or entrapped to his prejudice. He had examined the witness in the absence of the jury, and he thus knew what the witness would say before he presented him. Under these circumstances the court did not abuse its discretion in denying defendant's request. *Austin, supra.*

Defendant cites and relies on *Chambers v. Mississippi,* 410 U.S. 284, 35 L.Ed. 2d 297, 93 S.Ct. 1038 (1973). There, another person had confessed orally to three different people on three separate occasions that he had committed the murder with which defendant was charged. He also had made, but later repudiated, a written confession. The Court held that exclusion, as hearsay, of the testimony of persons to whom the oral confessions were made — together with refusal, on the ground that a party may not impeach his own witness, to permit defendant to cross examine the person whom these witnesses said had confessed — deprived defendant of a fair trial.

In *Chambers,* the other person had confessed to the specific crime with which the defendant was charged. Here, Rogers was alleged to have said only that he had cut a "white dude," not the specific victim. In *Chambers,* all of the witnesses who would have testified to the other person's statements were close acquaintances of that other person. Here, two of the witnesses were defendant's brothers, and the third testified only that he was "acquainted with . . . Rogers." In *Chambers,* each confession was corroborated by other evidence. Here, no corroborating evidence appears.

In our view these and other factual differences render *Chambers* distinguishable and defendant's reliance thereon misplaced. This assignment of error is therefore overruled.

[2] Defendant contends the court erred in not finding his good character and reputation in the community as a mitigating factor. The only evidence in this regard was the testimony of defendant's father that

> he is in contact with [defendant] on a continuous basis and . . . to his knowledge [defendant] does not hang around on the street, that he stays home with his wife, that [he] is not involved in violence, that [he] has been working at landscaping when work is available and that he supports his wife.

While uncontradicted, this testimony was from a member of defendant's family and, under decisions of our Supreme Court, was less than manifestly credible. Further, it did not rise to the level which would entitle defendant to a finding in mitigation that he was a person of "good character" or that he had a "good reputation." It was thus within the trial court's prerogative to accept or reject it. *See State v. Benbow,* 309 N.C. 538, 547-48, 308 S.E. 2d 647, 652-53 (1983); *State v. Taylor,* 309 N.C. 570, 575-78, 308 S.E. 2d 302, 306-08 (1983).

No error.

Judges ARNOLD and BECTON concur.